UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA M. RODGERS, Administrator of the Estate of John Daniel Pahoundis, | ) ) ) ) | CASE NO.  5:10CV2469 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | MEMORANDUM OF OPINION AND ORDER |
| INTERNAL REVENUE SERVICE, et al, | ) ) ) | |
| DEFENDANTS. | ) | |

Plaintiff *pro se* Cynthia M. Rogers, Administratrix of the Estate of John Daniel Pahoundis, filed this action under the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332, alleging various state claims, i.e., "to ensure probate law is followed," fraud, partition, unjust enrichment, conversion, perjury and slander, breach of fiduciary duty, "corrective deeds," intentional interference with prospective economic advantage, intentional tort, "consolidation of cases" and quiet title against over forty Defendants. Except for the Internal Revenue Service ("IRS"), all Defendants are Ohio residents. The Complaint consists of 35 pages of rambling narrative apparently pertaining to her status as administratrix of an estate. She requests compensatory and punitive damages and that all of her cases in lower courts be stayed and transferred to federal court. Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis*. (ECF 2).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district

court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff and all of the Defendants, except the IRS, are residents of Ohio. 28 U.S.C. § 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states; [...]

A fundamental requirement of diversity jurisdiction is that there be complete diversity between or among the parties, meaning that no party share citizenship with any opposing party. *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000). Thus, this Court lacks diversity jurisdiction.

Moreover, the Supreme Court has held that federal courts have no jurisdiction to probate a will or administer an estate. *Markham v. Allen,* 326 U.S. 490, 494 (1946). Not all claims that relate to probate matters, however, are excluded from federal court's jurisdiction. *Bortz v. DeGolyer*, 904 F.Supp. 680, 683 (S.D.Ohio 1995). "'[T]he equity jurisdiction of the courts does not extend to claims requiring (1) interference with probate proceedings, (2) assumption of general jurisdiction over probate, or (3) assumption of control over property in the custody of a state court.'" *Salmon v. Old Nat'l Bank*, No. 4:08cv-116-M, 2008 WL 4876685, * 4 (W.D.Ky. Nov. 12, 2008) (quoting *Evans v. Pearson Enters., Inc.,* 434 F.3d 839, 847 (6th Cir. 2006)). For example, claims for breach of fiduciary duty on the part of an

executor or administrator, which Plaintiff has included, are within the exclusive jurisdiction of the Ohio probate court. *Bortz,* 904 F.Supp. at 684 (citing *Bedo v. McGuire,* 767 F.2d 305, 306 (6th Cir. 1985)). To the extent that this may be a probate action, this Court has no jurisdiction.

Although the IRS has been named as a Defendant, examination of the Complaint shows that there are no facts alleged setting forth a cause of action against it. Since this Court has no jurisdiction over this matter, Plaintiff is not entitled to the IRS documents she requested.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is **GRANTED**. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 19, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[1] Doc. No. 3, Motion for Pro Bono Attorney, is **DENIED**.